UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

GRL LLC,

        Debtor.

-----------------------------------------------------------x

Case No: 1:12-10801-alg

Chapter 11

Hon. Allan L. Gropper

# AFFIRMATION OF GARY C. DILEONARDO, ESQ.
# IN SUPPORT OF ARCHER CAPITAL FUND L.P.'S MOTION TO DISMISS[1]

GARY C. DILEONARDO, ESQ, being duly sworn deposes and says:

1. I am a the court-appointed receiver in the foreclosure action pursuant to an Order Appointing a Temporary Receiver in Mortgage Foreclosure Action entered on or about August 23, 2010 (the "**Receivership Order**") by Justice Augustus C. Agate in the case captioned, *Archer Capital Fund, L.P v. GEL, LLC., et al.* (Index No. 27937/08) brought before the Queens County Supreme Court, State of New York, which was granted in favor of Archer Capital Fund, L.P's ("Archer") application to appoint a receiver. As such I have personal knowledge of the facts set forth below. I submit this affidavit in support of Archer's Motion to dismiss the Debtor's Chapter 11 case, or alternatively lift the automatic stay.

2. My duties as temporary receiver in this case concern the management, custody, and control of the real property of the Debtor, commonly known as 3276/3278 $31_{st}$ Street, Astoria, New York (Block 587, Lot 68) (the "**GRL Property**"). The GRL Property consists of single story commercial building currently used a medical office by Dr. Emmanuel Lambrakis ("**Lambrakis**").

3. Since I was appointed as Receiver, I have been unable to collect any rents from Lambrakis, the tenant at the GRL Property. Upon entering the first floor of the GEL Property, I

discovered numerous files and boxes containing medical records from Lambrakis' medical practice. Since these files contributed to an unsanitary and unsafe condition, I have relocated them to a storage facility at an expense of $188.00 per month.

4. I am currently in the process of evicting Lambrakis and his medical office from the GRL Property for non-payment of rent to the Debtor.

5. It has recently been brought to my attention that as of December 26, 2011, the Debtor has let the insurance on the GRL Property lapse. I am especially concerned about the GRL Property after experiencing first hand, the extensive damage found in the GEL Property, of which I am also the court-appointed receiver.

6. In addition to failing to pay any insurance, upon information and belief, the Debtor has failed to pay any real property taxes, on the Property since I was appointed as Receiver.

Dated: Queens, New York
       March 2, 2012

*s/ Gary DiLeonardo*
GARY C. DILEONARDO, ESQ.