UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:

GRL LLC,

                               Debtor.

------------------------------------------------------------------------x

**Hearing Date:  To Be Determined**

Chapter 11

Case No. 1:12-10801-alg

Hon. Allan L. Gropper
United States Bankruptcy Judge

### ARCHER CAPITAL FUND, L.P.'S MOTION
### TO SHORTEN THE TIME FOR NOTICE OF THE HEARING
### ON ITS MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 FILING

Archer Capital Fund, L.P. ("**Archer**") a secured creditor of GRL LLC, Inc., (the "**Debtor**"), in this voluntary *pro se* Chapter 11 case, by and through its attorneys, Kriss & Feuerstein LLP, moves this Court for an expedited hearing on Archer's Motion to Dismiss the Debtor's Chapter 11 filing pursuant to 11 U.S.C. §§ 362(d)(4), 707(A) and 1112(b), 28 U.S.C. §§ 1391, 1408, 1409 and 1654, and Rule 9014 of the Federal Rules of Bankruptcy Procedure, and and respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is improper in this Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409, as the Debtor's address and the location of its sole asset was, and continues herein to be 171-65 Hillside Avenue, Jamaica, New York 11432.  Accordingly, since the Debtor's address is located in Queens County, New York, proper venue would be placed in the Eastern District of New York.

**Relief Requested**

3. By this motion, Archer seeks entry of an Order, expediting the necessary relief period required by Bankruptcy Rule 2002, Local Rule 9006-1 and Local Rule 9077-1(c) with respect to Archer's Motion to Dismiss the Debtor's instant bankruptcy filing. Currently, pending before the Court is the Court's *sua sponte* Order to Show Cause (the "**Court's OSC**"), directing the either counsel for the Debtor, or in the alternative an authorized officer of the Debtor to appear at a hearing currently scheduled on the Court's docket to be heard on Thursday, March 8, 2012 at 10:00 a.m.

**Basis for Relief**

4. Local Rule 9006-1 requires, unless the Court orders otherwise, "all motion papers [to] be served at least 14 days before the return date." Bankruptcy Rule 9006(f) requires that three (3) days be added to the prescribed period. However, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) authorize the Court, for good cause shown, to reduce notice periods. *See e.g., In re Landmark Park Plaza Ltd. P'ship,* 167 B.R. 752 (Bankr. D. Conn. 1994) (shortening time for notice of hearing on creditor's proposed plan and disclosure statement where simultaneous exposure to two rival plans was in the best interest of creditors); *United States v. Air Line Pilots Ass'n, International*, 1993 WL 55924 (Bankr. D. Del. June 22, 1993) (finding that the bankruptcy court did not abuse its discretion by holding the hearing on the Joint Fee Motion on only six days notice under Rule 9006(c), rather than on 20 day notice required under Rule 2002(a)(7)); *In re Holland*, 95 B.R. 735, 737 (Bankr. W.D. Tex. 1988) (holding that Bankruptcy Rule 9006(c) gives the court "the power to reduce the time periods set out in Bankruptcy Rule 2002(b) for giving notice of hearing on the approval of a disclosure statement and for giving notice of hearing on confirmation of a plan").

5.  Archer respectfully requests this honorable Court permit Archer's Motion to Dismiss to also be heard on March 8, 2012 at 10:00 a.m., the hearing date currently scheduled to hear the Courts OSC, or as soon as the Court may allow.

**Cause Exists to Shorten the Notice Period**

6.  Archer objects to the Debtor's filing of its second voluntary *pro se* petition since September 16, 2011, when the Debtor, filed its first voluntary *pro se* petition for Chapter 11 relief in the Eastern District of New York (the "**First Petition**") under case number 1:11:47911-cec (the "**First Case**"). In the First Case, the Debtor was made aware that it was prohibited from representing itself before the Bankruptcy Court, by virtue of Archer's motion to dismiss the First Case for failure of the Debtor, an artificial entity to be represented by counsel. As a result of Archer's motion to dismiss the First Case, and for fear of having its case dismissed, the Debtor attempted to retain counsel (although a formal application to retain counsel was never actually made before that case was dismissed). Thus, the Debtor was well aware that is not permitted to represent itself before this Court in this case.

7.  In addition, the First Case was properly venued before the Bankruptcy Court in the Eastern District of New York, before it was rightfully dismissed on January 27, 2012 by Order of the Honorable Carla E. Craig pursuant to 11 U.S.C. § 1112(b). Pursuant to the information contained in the Petition filed in the Debtor's First Case, the Debtor's amended Petition and schedules filed in the First Case, as well as and the Petition filed in this case, (which lacks all schedules and other necessary information), neither the Debtor's address, nor the location of its sole asset have changed.[1] Notwithstanding, the Debtor purposefully and inappropriately filed the instant petition before the Bankruptcy Court in the Southern District of

---

1 The Debtor's address in the First Case was, and remains herein as 171-65 Hillside Avenue, Jamaica, New York 11432. The Debtor's sole asset is real property located at 3276/3278 31st Street, Astoria, New York (Block 587, Lot 68).

3

New York in what appears to be a blatant attempt at forum selection in light of the unfavorable outcome received by the Debtor in the First Case before the Honorable Carla E. Craig.

8. In addition, the forum selected by the Debtor merely signals that the Debtor understood that refiling in the Eastern District of New York would mean it would again be before the Honorable Carla E. Craig who dismissed the Debtor's case one month prior.

9. Thus, the Debtor's Chapter 11 case was clearly commenced in bad faith and solely for the purpose of preventing Archer, the Debtor's sole pre-petition secured creditor, from exercising its right to foreclose on a mortgage secured by real property of the Debtor's estate pursuant to a state court order directing a foreclosure sale, presently scheduled to occur on March 16, 2012.

10. Accordingly, Archer respectfully requests this Court permit Archer an opportunity to be heard on March 8, 2012 at 10:00 a.m., at the hearing previously scheduled by this Court, pursuant to its *sua sponte* Order to Show Cause ordering counsel for the Debtor to appear if it has not previously entered an appearance for the Debtor, or alternatively that an authorized officer of the Debtor show why the Debtor's Chapter 11 case should not be dismissed for failure of the Debtor to obtain counsel.

11. Archer has provided notice of this Motion to the Office of the United States Trustee for the Southern District of New York and the Debtor at the address listed on the Petition. In light of the nature of the relief requested, Archer respectfully submits that no further notice is necessary.

12. No previous application for an expedited hearing has been made.

**WHEREFORE**, Archer respectfully requests the Court enter an Order, substantially in the form attached hereto shortening the notice period with respect to its Motion to Dismiss the Debtor's Case With Prejudice, and scheduling a hearing date on the Motion to Dismiss the Debtor's Case with Prejudice for March 8, 2012 at 10:00 a.m., or as soon after as the Court may allow, and for such other relief as may be appropriate.

Dated: March 2, 2012
      New York, New York

                                             KRISS & FEUERSTEIN LLP
                                             *Attorneys for Archer*

                            By:    *s/ Jerold C. Feuerstein*
                                    Jerold C. Feuerstein, Esq. (JF9829)